IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STEPHEN LEWIS**                                                          **PLAINTIFF**

**V.**                                                          **NO. 4:23-CV-187-DMB-DAS**

**WASHINGTON COUNTY,**
**MISSISSIPPI, et al.**                                         **DEFENDANTS**

**ORDER**

The defendants move to strike Stephen Lewis' "Motion for Summary Judgment" and separately move for an extension to respond to Lewis' motion should their motion to strike be denied. Because Lewis' motion in part is an untimely response to the defendants' motion for judgment on the pleadings, Lewis' motion will be stricken and the defendants' request for an extension will be denied as moot.

**I**
**Relevant Procedural History**

On October 11, 2023, Stephen Lewis filed a pro se complaint against Washington County, Mississippi; Washington County Public Defender Office; Attorney Marvin Sanders, in his individual and official capacity;[1] and Supervisor Patricia Rodger, in her official and individual capacity."[2] Doc. #1 at 1, 4–5. Lewis' complaint asserts various federal and state law claims relating to his legal representation by Sanders. *See generally id.*

The defendants filed a motion for judgment on the pleadings on January 5, 2024. Doc. #9. On January 24, 2024, Lewis filed a document titled "Motion for Summary Judgment." Doc. #15. Two weeks later, the defendants filed a "Motion to Strike [Lewis'] Motion for Summary

---

[1] Specifically, in Sanders' "official capacity as a lawyer [f]or Washington County Public Defender." Doc. #1 at 5.

[2] Specifically, in Rodger's official capacity "as supervisor with Washington County Public Defender Office." *Id.*

Judgment," Doc. #17, and a "Motion for Leave for Extension of Time to File Response," Doc. #19. Lewis responded in opposition to the motion to strike on February 12, 2024. Doc. #21.

## II
## Discussion

In urging the Court to strike Lewis' "Motion for Summary Judgment," the defendants submit:

> There are numerous problems with Lewis' Motion: (1) it is unclear if Lewis' Motion is timely, while the signature line reflects that it was "submitted" on January 19th- it was not filed in the Court until January 24th, which is past his time to respond; (2) he combined his own Motion for Summary Judgment with his response to the Defendants' Motion for Judgment on the Pleadings in violation of Local Rule 7(b)(3(C)'s prohibition that "[a] response to a motion may not include a counter motion in the same document; (3) he had just been warned about the exact same behavior in another case before this same Court, *see Stephen Lewis v. City of Southaven et al*, No. 3:23-CV-[336-]DMB-RP, **[Doc. 26]**, and (4) under *Carswell v. Camp*, 37 F.4th 1062 (5 th Cir. 2022), a plaintiff asserting constitutional claims against a defendant who has asserted qualified immunity must survive the motion to dismiss before the case can proceed to discovery, this Lewis has not done.

Doc. #17 at 1–2 (emphasis in original). Lewis responds that his "Motion for Summary Judgment is timely and is not a motion opposing the Defendant's [sic] motion for judgment on the pleadings." Doc. #21 at 1.

To the extent the Court concludes that in substance Lewis' motion is in part a response to the defendants' motion for judgment on the pleadings,[3] it is untimely.[4] Since Lewis did not request

---

[3] Lewis contends that he did not "file a response to defendants' motion for judgment on the pleadings but instead filed a Motion for Summary Judgment." Doc. #21 at 1. The Court disagrees and deems Lewis' filing as a response, at least in part, to the defendants' motion for judgment on the pleadings because Lewis' filing (1) clearly mentions the Rule 12(c) standard for reviewing a motion for judgment on the pleadings, (2) argues his complaint should not be dismissed, (3) defends his § 1983 claim, (4) addresses the issue of qualified immunity raised in the motion for judgment on the pleadings, and (5) parallels some of the structure of the defendants' memorandum brief. *See generally* Docs. #10, #16.

[4] The "mailbox rule" applies only to pro se prisoner filings. *See, e.g.*, *Watts v. Brewer*, 416 F. App'x 425, 426–27 (5th Cir. 2011) ("According to the prison mailbox rule … a pro se prisoner's habeas petition is filed … when he delivers the papers to prison authorities for mailing.") (cleaned up).

an extension for the late filing, the filing is properly stricken.[5]

While the Court could allow Lewis the chance to seek an after-the-fact extension and permit his January 24 filing to stand pending that determination, his filing suffers from another procedural defect. In violation of Local Rule 7(b)(3)(C)'s prohibition that "[a] response to a motion may not include a counter-motion in the same document," Lewis' filing combines his response to the defendants' motion and his request for summary judgment. So for this additional procedural deficiency, the defendants' motion to strike will be granted. And because Lewis' motion will be stricken, the defendants' motion for an extension will be denied as moot.

### III
### Conclusion

The defendants' motion to strike [17] is **GRANTED** and Lewis' January 24 motion [15] and memorandum [16] are **STRICKEN**. The defendants' motion for extension [19] is **DENIED as moot**. However, because the Court prefers to address issues on their merits when possible and considering Lewis' pro se status, within fourteen (14) days of the entry of this order, Lewis may request an extension to respond to the defendants' motion for judgment on the pleadings, which must explain why he could not meet the original January 19 response deadline.[6]

---

[5] Lewis' "Undisputed Material Facts," which is one of the exhibits to his motion, *see* Doc. #15-10, is properly stricken for a further reason. Neither this Court's Local Rules nor the Federal Rules of Civil Procedure contemplate or authorize the filing of a separate statement of undisputed facts. Such a filing provides an avenue for circumventing the page limits imposed by the Local Rules. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-cv-5, 2013 WL 6019303, at *15 (S.D. Miss. Nov. 13, 2013) (statement of facts deemed attempt to circumvent page limits).

[6] Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating whether excusable neglect exists, a court should consider (1) "the danger of prejudice to the" nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015).

**SO ORDERED**, this 13th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**