IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STEPHEN LEWIS**                                                                       **PLAINTIFF**

**V.**                                                        **NO. 4:23-CV-187-DMB-DAS**

**WASHINGTON COUNTY,**
**MISSISSIPPI, et al.**                                              **DEFENDANTS**

**ORDER**

The defendants move to strike Stephen Lewis' "Motion for Summary Judgment" and separately move for a fourteen-day extension to respond to Lewis' motion should their motion to strike be denied. Because despite its title, Lewis' motion is in part a response to the defendants' motion for judgment on the pleadings, Lewis' motion will be stricken and the defendants' request for an extension will be denied as moot.

**I**
**Relevant Procedural History**

On April 24, 2024, Stephen Lewis filed a pro se amended complaint against Investigator Cory Weatherspoon, in his official and individual capacity; Washington County, Mississippi; Washington County Public Defender Office; Attorney Marvin Sanders, in his individual and official capacity; and Supervisor Patricia Rodger, in her official and individual capacity. Doc. #28 at 1, 5–7. In his complaint, Lewis asserts federal and state law claims based on allegations of events ensuing from a traffic stop of his car by Weatherspoon, and his legal representation by Sanders and Rodger regarding the same. *See generally id.*

The defendants filed a motion for judgment on the pleadings on June 20, 2024. Doc. #36. On July 8, 2024, Lewis filed a document titled, "Motion for Summary Judgment." Doc. #38. The defendants filed a "Motion to Strike Plaintiff's Motion for Summary Judgment" on July 17, 2024.

Doc. #41. Five days later, the defendants filed a "Motion for Leave for Extension of Time to File Response/Reply as to Plaintiff's Motion for Summary Judgment." Doc. #43. Lewis did not respond to the motion to strike. However, he filed a response opposing the defendants' motion for extension on July 25, 2024. Doc. #44.[1] On August 1, 2024, the defendants replied in support of their extension motion. Doc. #45.

## II
## Discussion

In urging the Court to strike Lewis' July 8 filing, the defendants argue:

> There are numerous problems with Lewis' Motion: (1) he combined his own Motion for Summary Judgment with his response to the Defendants' Motion for Judgment on the Pleadings in violation of Local Rule 7(b)(3)(C)'s prohibition that "[a] response to a motion may not include a counter motion in the same document"; (2) he had just been warned about the exact same behavior in not only this case, [Doc. 22], but in another case before this same Court, *see Stephen Lewis v. City of Southaven et al*, No. 3:23-CV-DMB-RP, [Doc. 26], and (3) under *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), a plaintiff asserting constitutional claims against a defendant asserting qualified immunity must survive the motion to dismiss before the case can proceed to discovery, this Lewis has not done.

Doc. #42 at 1–2 (emphases omitted). Though Lewis did not respond to the motion to strike, in his response to the defendants' extension motion, he admits that his July 8 filing is a "Response to Defendants Motion for Judgment on the Pleadings"[2] but submits that "Rule 12(d) instructs that '[i]f on a motion under Rule 12(b)(6) or 12(c), matters Outside the pleadings are presented to and not excluded by the court, the motion must be Treated as one for summary judgment under Rule 56.'" Doc. #44 at 1, 2. The defendants reply:

> While Lewis now argues that his Motion for Summary Judgment was not a motion for Summary Judgment, that is *exactly* what he labeled it as. [Doc. 38]. That is what

---

[1] The filing is titled, "Plaintiff's Objection to Defendants Motion for Extension of Time to File a Response to Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings." Doc. #44 at 1.

[2] Lewis asserts that his July 8 filing is timely "[b]ecause his response to the Defendants Motion for Judgment on the Pleadings was due on the 4th of July 2024, which was a Thursday and this Court was closed the following day which was Friday and closed for the weekend as well." Doc. #44 at 1. To the extent Lewis' July 8 filing is a response to the motion for judgment on the pleadings, under Federal Rule of Civil Procedure 6(a)(1)(C), he is correct.

> the clerk of court, whose job it is to enter items on the docket and "briefly show the nature of the paper filed" labeled it as. Fed. R. Civ. P. 79 (a)(3). The opening sentence of his Motion reads: "Plaintiff Stephen Lewis, pro se, moves pursuant to Fed. R. Civ. Proc. 56(a) for a judgment on the Motion for Summary Judgment" against the Defendants. [Doc. 38] pg. 1. There can be no question then that his motion is, at least in part, a motion for summary judgment. To be sure, Lewis also states that he is producing evidence "[i]n support of this Motion opposing the defendants' Motion for Judgment on the Pleadings". [Doc. 38] pg. 1. But this is why the Defendants filed their Motion to Strike, Lewis filed a "combo" motion. *See* [Docs. 41 & 42].

Doc. #45 at 3 (bold emphases omitted).

Given (1) Lewis' admission that his July 8 filing is a response to the defendants' motion for judgment on the pleadings; (2) the Court deems Lewis' July 8 filing as such in substance, at least in part;[3] (3) Lewis was well aware that combining a response and counter-motion in the same document violates Local Rule 7(b)(3), since the Court advised him of such when it struck his January 24, 2024, "Motion for Summary Judgment;"[4] and (4) Lewis' proffered reason for filing his response to the motion for judgment on the pleadings as a motion for summary judgment appears to be based on him quoting the Court's opinion in another case brought by him against different defendants but he fails to acknowledge that the following sentence of the opinion emphasized that "the district court can consider [exhibits attached to pleadings] in deciding a Rule 12(c) motion without converting it into a Rule 56 summary judgment motion,"[5] the defendants' motion to strike will be granted and their motion for an extension will be denied as moot.[6]

---

[3] Similar to the Court's conclusion regarding Lewis' January 24 filing, Lewis' July 8 filing (1) mentions the Rule 12(c) standard for reviewing a motion for judgment on the pleadings, (2) argues his complaint should not be dismissed, (3) defends his § 1983 claim, (4) addresses the issue of qualified immunity raised in the motion for judgment on the pleadings, and (5) tracks some of the structure of the defendants' memorandum brief in support of their motion for judgment on the pleadings. *See* Docs. #36, #38.

[4] Doc. #22 at PageID 234–35.

[5] *See Lewis v. City of Southaven, Mississippi, and Detective Whitney Walley*, No. 3:23-cv-336, at Doc. #43 (N.D. Miss. June 27, 2024) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1371 (3d ed. 2024)).

[6] Since the extension motion will be denied, there is no need for the Court to consider Lewis' contention that he "will be prejudice[d] by such extension of time to file a Response to a Motion for Summary judgment that has not been

## III
## Conclusion

The defendants' motion to strike [41] is **GRANTED**. Lewis' July 8 motion [38] and memorandum [39] are **STRICKEN**. The defendants' motion for extension [43] is **DENIED as moot**.

**SO ORDERED**, this 28th day of February, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

filed by [him]." Doc. #44 at 2. But had the Court granted the extension motion, any prejudice to Lewis would have been self-imposed for the reasons explained in this order. Besides, to the extent Lewis states in his response to the extension motion that "[t]he same exhibits attached with [his] Response to Defendants motion for Judgment on the Pleadings are attached to the amended complaint," *id.*, the Court can and will consider the exhibits attached to the complaint in evaluating the motion for judgment on the pleadings.